United States District Court
Southern District of Texas
**ENTERED**
November 07, 2022
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:22-CR-00539 |
| | § | |
| ARMANDO ALDAPE | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>
### <u>OF DETENTION PENDING SENTENCING</u>

A show cause hearing was held today, in accordance with the Bail Reform Act, 18 U.S.C. §§ 3142, 3143, and 3148. Armando Aldape ("Defendant") was released on conditions of bond after a hearing on August 17, 2022. *See* Doc. No. 8. He pleaded guilty to Count 1 of his indictment today.

A petition for action on pretrial release was filed on September 16, 2022, alleging that Defendant violated Conditions 7(m) and 7(t) of his bond conditions. (Doc. No. 16.) Condition 7(m) prohibited Defendant from using or unlawfully possessing a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner. The petition alleged that Defendant provided a urine specimen that tested positive for cocaine. *Id.* at 1. Defendant admitted to using marijuana, but denied using cocaine. Condition 7(t) required Defendant to follow instructions of the probation officer while on release. The petition alleged that Defendant failed to report as required to the Probation Office in McAllen. *See id.*

A superseding petition was filed on November 4, 2022. (Doc. No. 26.) In addition to the violations already alleged, the superseding petition alleged that Defendant had violation Condition 1 of his bond. Condition 1 required that Defendant not commit a violation of any federal, state, or local law while on bond. The superseding petition alleged that Defendant was

arrested in Weslaco, Texas on October 13, 2022, for shoplifting.  Defendant was taken to the Hidalgo County Jail, and was released on a bond on October 28. *Id.* at 1-2.

At the show cause hearing, the United States produced no evidence beyond the petition itself, and Defendant, through counsel, elected to remain silent and not to contest the allegations. The Court finds that the allegations are true, and that Defendant has violated the conditions of release. *See* 18 U.S.C. §§ 3148(b)(1)(A)-(B).

Section 3143 of Title 18 requires the judicial officer to order the detention of a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released on bond conditions.  *See* 18 U.S.C. § 3143(a)(1).  In this case, Defendant offered no evidence at the show cause hearing, and the Court is not persuaded by clear and convincing evidence that Defendant would not flee or pose a danger to others or the community if released on bond.  The Court therefore REVOKES Defendant's bond, and ORDERS that Defendant be detained pending sentencing in this case.

Defendant is committed to the custody of the United States Marshal or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge

of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of

an appearance in connection with a court proceeding.

SIGNED on November 7, 2022.

MITCHEL NEUROCK
United States Magistrate Judge